## SUPREME COURT.

### CAMPBELL, Receiver, &c., agt. FOSTER and others.

Where a *complaint* in the nature of a judgment creditor's bill, does not allege that an execution has been issued to the sheriff of the county where the defendant resides, or if he do not reside in the state, to the sheriff of the county where the judgment roll is filed, and its return unsatisfied, such a complaint is entirely insufficient to authorize an order under § 292 of the Code, for the appointment of a receiver, &c.

Where a judgment debtor has an interest in a trust fund by which he is entitled to a certain portion of the annual profits arising from the principal sum invested, his creditors are entitled to nothing under an order issued in proceedings supplementary to execution, not actually payable to the debtor *at the time the order is issued.*

*New - York Special Term, April,* 1858.
MOTION to dismiss complaint.

CLERKE, Justice. The validity of the appointment of the receiver depends entirely upon the order issued pursuant to section 292 of the Code. The proceeding authorized by this section is a special proceeding; and no order, at least of a judge out of court, is valid which is not issued on the grounds especially prescribed by the section. Among these essential grounds, it is provided that an execution shall have issued to the sheriff of the county where the defendant resides, or if he do not reside in the state, to the sheriff of the county where the judgment roll, &c., is filed. In the complaint before me no

such allegation appears, and it is to be presumed, that no such essential fact exists as the residence of the defendant in the county where the execution was issued. For this reason, I think the whole proceedings and the appointment of the receiver are void.

Even if the order were valid, I think the action must fail. It seeks to reach the proceeds of an income accruing after the date of the order. The judgment debtor had indeed an *interest*, employing the word in a general sense, in a trust, which entitled her to a certain portion of the annual profits arising from the principal sum of which the trust consisted. She had an *interest* in this trust, so far as these accruing profits were concerned, but no farther;—I mean she had no such *interest* as would entitle her to the actual control of the subject matter of the property. Her creditors, therefore, are entitled to nothing under proceedings of this nature, not actually payable to her at the time the order is issued. But this complaint claims not only what was due at the time of the date of the order, but a portion of what may accrue from year to year, until the whole debt shall be paid. If a trust of this kind can be at all reached by a creditor, I feel a very strong conviction, that it cannot by any instrumentality of this kind.

Complaint dismissed, with costs.